# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>vs.<br><br>GEISER PAZ ENAMORADO,<br>Serve at:   509 Ohio Street<br>               Tribune, KS  67879<br><br>and<br><br>DONILDA MARIBEL GUTIERREZ PORTILLO,<br>Serve at:   509 Ohio Street<br>               Tribune, KS  67879<br><br>and<br><br>DRILAN XIOMARA GUTIERREZ PORTILLO,<br>Serve at:   509 Ohio Street<br>               Tribune, KS  67879<br><br>and<br><br>BRILIAN GUTIERREZ,<br>Serve at:   6588 Road 16<br>               Goodland, KS  67735<br><br>and<br><br>S. P., a Minor, *by and through her parent and natural guardian*, Geiser Paz Enamorado<br><br>and<br><br>MEGAN DREW WIESLANDER RASURE,<br><br>and | Case No. 6:19-cv-01116-EFM-KGG |

| | |
|---|---|
| E. J. P. R., a Minor, *by and through his parent and natural guardian*, Megan Wieslander Rasure | ) ) ) |
| and | ) ) |
| M. R., a Minor, *by and through her parent and natural guardian,* Megan Wieslander Rasure | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT FOR INTERPLEADER

COMES NOW State Farm Mutual Automobile Insurance Company, and pursuant to Fed. R. Civ. P. 22, submits its Complaint for Interpleader, and states and alleges as follows:

## ACTION AND PARTIES

1. This is an action in the nature of interpleader pursuant to Fed. R. Civ. P. 22.

2. State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois mutual insurance company duly authorized to transact business and write insurance in the State of Kansas.

3. Defendant Geiser Paz Enamorado ("Enamorado") is an individual and resident of the State of Kansas and can be served at 509 Ohio Street, Tribune, Kansas 67879.

4. Defendant Donilda Maribel Gutierrez Portillo ("Donilda Portillo") is an individual and resident of the State of Kansas and can be served at 509 Ohio Street, Tribune, Kansas 67879.

5. Upon information and belief, Defendant Drilan Xiomara Gutierrez Portillo ("Drilan Portillo") is an individual and resident of the State of Kansas and can be served at 509 Ohio Street, Tribune, Kansas 67879.

6. Defendant Brilian Gutierrez ("Gutierrez") is an individual and resident of the State of Kansas and can be served at 509 Ohio Street, Tribune, Kansas 67879.

7. Defendant S. P. ("S. P.") is a minor individual and resident of the State of Kansas and can be served by and through her parent and natural guardian, Geiser Paz Enamorado, at 509 Ohio Street, Tribune, Kansas 67879. *See* FED. R. CIV. P. 4(g); K.S.A. 60-304(b).

8. Upon information and belief, Defendant Megan Drew Wieslander Rasure ("Rasure") is an individual and resident of the State of Kansas and can be served at 6488 Road 16, Goodland, Kansas 67735.

9. Defendant E. J. P. R. ("E. J. P. R.") is a minor individual and resident of the State of Kansas and can be served individually and through his parent and natural guardian, Megan Drew Wieslander Rasure, at 6488 Road 16, Goodland, Kansas 67735. *See* FED. R. CIV. P. 4(g); K.S.A. 60-304(b).

10. Defendant M. R. ("M. R.") is a minor individual and resident of the State of Kansas and can be served by and through her parent and natural guardian, Megan Drew Wieslander Rasure, at 6488 Road 16, Goodland, Kansas 67735. *See* FED. R. CIV. P. 4(g); K.S.A. 60-304(b).

## JURISDICTION AND VENUE

11. This Court may exercise jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because State Farm is a citizen of the State of Illinois and the defendants are all citizens of the State of Kansas, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because all defendants reside within the District of Kansas.

WSABEOP0\101697424.v2

**FACTUAL ALLEGATIONS**

13. State Farm issued an automobile insurance policy, No. 1508777-E01-16A, ("the Policy") naming Mark and Cindy Smith as named insureds, which was in effect on October 8, 2018, whereby State Farm promised to provide liability insurance coverage in a limited sum of $500,000 each person injured and limited to $500,000 each accident. The Policy is attached hereto as Exhibit A.

14. On or about October 8, 2018, Hazel Barragan ("Barragan") was operating a 2005 Toyota Highlander in Goodland, Sherman County, Kansas.

15. On or about October 8, 2018, Barragan entered Highway 27 from a side road, in Goodland, Sherman County, Kansas.

16. On or about October 8, 2018, Defendant Rasure was operating a 2017 Chevrolet Suburban in a southbound direction, in the left lane, on Highway 27 in Goodland, Sherman County, Kansas.

17. On or about October 8, 2018, Defendant Rasure collided with Barragan's Toyota in a t-bone fashion at the intersection of Highway 27 and near 22nd street in Goodland, Sherman County, Kansas.

18. On or about October 8, 2018, upon information and belief, Defendants Enamorado; Donilda Portillo; Gutierrez; Drilan Portillo; and S. P. were all passengers in the Toyota operated by Barragan.

19. On or about October 8, 2018, upon information and belief, Defendants E. J. P. R. and M. R. were both passengers in the Chevrolet operated by Defendant Rasure.

4

20. On or about January 14, 2019, Defendant Rasure – through counsel – advised State Farm of her extensive injuries, and past and impending surgical procedures, as the result of the October 8, 2018 motor vehicle accident.

21. On or about March 4, 2018, Defendant Donilda Portillo – through counsel – presented a demand to State Farm in excess of the aforementioned Policy's limits and in the amount of $632,288.19.

22. On or about March 22, 2018, Defendant Enamorado – through counsel – presented a demand to State Farm in the amount of $12,400.00.

23. Upon information and belief, Defendants present one or more potential competing claims over the Policy's limits ($500,000.00) to State Farm.

24. State Farm has agreed to extend Barragan's automobile liability coverage for the claims of bodily injury on October 8, 2018.

25. Upon information and belief, there is a conflict in the Defendants' claims given that each is seeking recovery of the proceeds tendered by State Farm to the exclusion of others, and therefore, this Court's approval and disposition of said proceeds is necessary.

## COUNT I: *INTERPLEADER*

26. State Farm incorporates each and every aforementioned paragraph of its Complaint as if fully set forth herein.

27. State Farm is in possession of the $500,000.00 policy limits to which the Defendants present claims arising out of the October 8, 2018 motor vehicle accident.

28. State Farm states that the full amount listed in Paragraph 27 may be due and/or owing to the Defendants under the Policy.

29. State Farm states that an actual controversy may exist between it and any or all of the Defendants.

30. Pursuant to Fed. R. Civ. P. 22(a)(1)(B), State Farm states that it may not be liable in whole, or in part, to any or all of the Defendants.

31. Pursuant to Fed. R. Civ. P. 67, State Farm seeks to deposit the $500,000.00 into the court registry, so that the Court can determine who has the right to receive the $500,000.00 possibly due under the Policy as a result of the motor vehicle accident, and to avoid multiple liabilities for the same loss.

32. State Farm is not in collusion with any of the Defendants regarding matters in controversy in this case, and has not brought this action at the request of any of the Defendants.

33. Once State Farm deposits the $500,000.00 into the court registry, Barragan should be released from all liability to Defendants for damages arising out of the October 8, 2018 motor vehicle accident.

34. Notwithstanding State Farm's deposit of the $500,000.00 into the court registry, it reserves the right to assert that Barragan may not be liable for that amount to any and/or all of the Defendants pursuant to Fed. R. Civ. P. 22(a)(1)(B).

35. State Farm asks the Court restrain Defendants from instituting or prosecuting any proceeding in any State or United States Court affecting any obligation of State Farm and/or Barragan as a result of the aforementioned motor vehicle accident until further order of the Court.

WSABEOP0\101697424.v2

**WHEREFORE,** Plaintiff State Farm prays for Judgment as follows:

1. An Order of the Court that Plaintiff State Farm may deposit the sum of $500,000.00 into the registry of the Clerk of this Court in full and total satisfaction of all claims against Plaintiff State Farm and Hazel Barragan as a result of the motor vehicle accident referenced herein;

2. An Order restraining the Defendants from instituting or prosecuting any proceeding in any State or United States Court affecting the obligation of the Plaintiff State Farm or Hazel Barragan as a result of the aforementioned motor vehicle accident;

3. An Order of the Court apportioning the $500,000.00 among the claimants/Defendants;

4. An Order of this Court allowing Plaintiff State Farm to withdraw from its litigation once the funds have been deposited and releasing Plaintiff State Farm and Hazel Barragan from any and all claims for indemnification;

5. The costs of this action; and

6. For such other and further relief determined by the Court to be fair, just, and equitable under the circumstances.

       Respectfully submitted,

       /s/ James L. Sanders
       James L. Sanders, KS #11483
       jsanders@wallacesaunders.com
       WALLACE SAUNDERS, Chartered
       10111 West 87th Street
       Overland Park, KS 66212
       Phone:  (913) 888-1000
       Fax:     (913) 888-1065

       and

  /s/ Penny A. Calhoun
Penny A. Calhoun, # 25903
pcalhoun@wallacesaunders.com
WALLACE SAUNDERS, Chartered
400 O.W. Garvey Center
200 West Douglas
Wichita, Kansas 67202
Phone: (316) 269-2100
Fax:    (316) 269-2479
*Attorneys for Plaintiff*